**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001252
21-MAY-2015
09:31 AM**

NO. CAAP-14-0001252

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ZACHARY FRED BAILEY, Plaintiff-Appellee,
v.
BURRELLE DAVID DUVAUCHELLE, TRUSTEE UNDER DUVAUCHELLE FAMILY
TRUST U/D/T DATED AUGUST 14, 2008, Defendant-Appellant,
and
BETTY J. DUVAUCHELLE, TRUSTEE UNDER LIVING TRUST OF BURRELLE
DUVAUCHELLE AND BETTY DUVAUCHELLE U/D/T/ DATED 7/1/91,
Defendant-Appellee,
and
LAURENCE H. DORCY, JR., Defendant/Third-Party Plaintiff/Appellee,
and
MARY PETERSEN, Third-Party Defendant/Appellee,
and
JOHN DOES 1-10; et al., Defendants-Appellees.

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we

do not have appellate jurisdiction over this appeal that

Defendant-Appellant Burrelle David Duvauchelle, Trustee under

Duvauchelle Family Trust u/d/t dated August 14, 2008 (Appellant

Burrelle Duvauchelle), has asserted from the Honorable Rhonda

I.L. Loo's October 2, 2014 "Order Denying Defendants's Second

Motion to Vacate the Final Judgment Filed July 16, 2013 and the

June 26, 2013 Order Dismissing with Prejudice Plaintiff's Claims 1 and 3 Through 8 of the First Amended Complaint, Filed August 20, 2014" (hereinafter the October 2, 2014 interlocutory order), because the October 2, 2014 interlocutory order is not an appealable post-judgment order under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2014).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008).

After the circuit court has entered an appealable final judgment, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted).

Although a separate judgment is usually necessary for an appeal under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawai'i at 158, 80 P.3d at 979. Thus, for example, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Id. at 160, 80 P.3d at 981 (citation omitted).

At first glance, it might appear that Appellant Burrelle Duvauchelle is appealing from an appealable final post-judgment order, namely, the October 2, 2014 interlocutory order, particularly because Appellant Burrelle Duvauchelle purported to invoke HRCP Rule 60(b) in support of his August 20, 2014 motion to vacate a July 16, 2013 judgment and a June 26, 2013 dismissal order. However, the instant case does not involve a post-judgment order, because the circuit court has not yet entered a "judgment" on the particular causes of action that are at issue. By definition, a "judgment" is "a decree and any order from which an appeal lies." HRCP Rule 54(a) (emphasis added). In a prior appeal from this same case, the Hawai'i Intermediate Court of Appeals specifically held in appellate court case number CAAP-13-0002812 that the circuit court's July 16, 2013 judgment failed to satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, because the July 16, 2013 judgment

- neither entered judgment on nor expressly dismissed Count 1 and Counts 3-8 of Plaintiff-Appellee Zachary Fred Bailey's amended complaint, and

-3-

- neither entered judgment on nor expressly dismissed Defendant/Third-Party Plaintiff/Appellee Laurence H. Dorcy, Jr.'s, third-party complaint against Third-Party Defendant Mary Petersen.

The June 26, 2013 dismissal order is also not appealable, because, "based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i at 254, 195 P.3d at 1186. Neither the July 16, 2013 judgment nor the June 26, 2013 dismissal order qualifies as an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, and, thus, does not qualify as a "judgment" under HRCP Rule 54(a).

Absent a "judgment," the October 2, 2014 interlocutory order denying Appellant Burrelle Duvauchelle's August 20, 2014 motion to vacate the July 16, 2013 judgment and the June 26, 2013 dismissal order does not qualify as an appealable post-judgment order. Hawai'i appellate courts have consistently held that "a motion . . . pursuant to HRCP Rule 60(b), is authorized only in situations involving final judgments." Cho v. State, 115 Hawai'i 373, 382, 168 P.3d 17, 26 (2007) (citations and internal quotation marks omitted); Crown Properties, Inc. v. Financial Security Life Insurance Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985) ("A Rule 60(b), HRCP, motion is authorized only in situations involving final judgments."); Tradewinds Hotel, Inc. v. Cochrane, 8 Haw. App. 256, 262, 799 P.2d 60, 65 (1990).

Accordingly, we lack appellate jurisdiction, and Appellant Burrelle Duvauchelle's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001252 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 21, 2015.

Presiding Judge

Associate Judge

Associate Judge